## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MARCUS O. LOFTIN                     :
4215 Eads Street NE
Washington, DC 20019                 :

    *Plaintiff*                     :

v.                                   :       CASE NO.: **CAL21-02050**

MARCUS D. POUNCEY                    :
1328 Riggs Street SW
Washington, DC 20009                 :

And                                  :

SUSAN FRANCIS DAVIS                  :
1328 Riggs Street SW
Washington, DC 20009                 :

And                                  :

PROTECTIVE INSURANCE                 :
111 Congressional Blvd.,
Suite 500                            :
Carme, IN 46032
    **SERVE:**
CSC – Lawyers Incorporated
Service Company                      :
7. St Paul Street, Suite 820
Baltimore MD 19808                   :

    *Defendants*                    :

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Marcus O. Loftin, by and through undersigned counsel, and sues Defendants Marcus D. Pouncey, Susan Francis Davis and Protective Insurance, and as grounds therefore states that:

1

**Jurisdiction:**

1. This Court has jurisdiction over this matter pursuant to Md. Ct's. & Jud. Proc. Code Ann. §6-103 as it arises from an automobile accident that occurred within the County and Defendant Protective Insurance contracted to provide underinsured automobile coverage under the laws of the State of Maryland.

## COUNT I
### (Defendant Pouncey)

2. On or about December 28, 2017, Plaintiff Marcus O. Loftin was heading north on Laurel Bowie Road at or near its intersection with Briarwood Drive.

3. Mr. Loftin was lawfully stopped in his lane of travel when Defendant Marcus D. Pouncey, driving a vehicle owned by Defendant Susan Francis Davis, negligently collided with the rear of Mr. Loftin's vehicle.

4. Defendant Pouncey owed a duty to those lawfully upon the roadways within this State, and specifically, but not limited to, Mr. Loftin, to operate his vehicle in a non-negligent manner.

5. Defendant Pouncey breach this duty by, among other things, driving while intoxicated or under the influence of alcohol, failing to keep a proper lookout, failing to pay full time and attention to his driving, exceeding a safe and reasonable speed under the existing circumstances, failing to keep the vehicle under proper control, failing to operated his vehicle so as to avoid an accident, failing to obey the rules of the road as they then and their existed, and such other negligence and breach of duties that may be shown during the trial of this matter.

6. Defendant Pouncey's negligence was a proximate cause of this collision without any negligence on the part of Plaintiff Loftin contributing thereto.

7. As a direct and proximate result of this Defendant Pouncey's negligence and the collisions caused by his negligence, Plaintiff Loftin suffered, and will continue to suffer, severe and permanent physical injuries, aggravation of pre-existing injuries, has incurred medical expenses in the past and will continue to incur medical expenses in the future, has lost time from work in the past and will continue to lose time from work in the future, has suffered and will continue to suffer other damages, including loss of personal property and non-economic damages.

WHEREFORE, Plaintiff Marcus O. Loftin demands judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Defendant Marcus D. Pouncey, plus costs and attorney's fees, as may be permitted.

## COUNT II
### (Defendant Davis)

8. Plaintiff Loftin refers to and incorporates the preceding paragraphs as if fully stated herein.

9. At the time of this accident Defendant Pouncey was driving a vehicle owned by Defendant Susan Francis Davis.

10. Upon information and belief, Ms. Davis resided with Defendant Pouncey at the time of the accident and provided Defendant Pouncey with the vehicle, her vehicle, which he was driving at the time of this accident.

11. Upon information and belief, Defendant Pouncey had previously been charged with driving under the influence, is believed to have driven under the influence of alcohol at other times, and was driving under the influence of Alcohol at the time of this accident.

3

12. Defendant Davis knew or should have known of Defendant Pouncey's prior instances of driving while intoxicated or under the influence of alcohol, and knew or should have known that providing Defendant Pouncey a vehicle posed an unreasonable risk of physical harm to himself and members of the public to which he might come in contact, and specifically, but not limited to, Plaintiff Loftin.

13. In spite of this risk Defendant Davis negligently entrusted her vehicle to Defendant Pouncey.

14. Defendant Davis Negligent entrustment of her vehicle to Defendant Pouncey was a proximate cause of this collision without any negligence on the part of Plaintiff Loftin contributing thereto.

15. As a direct and proximate result of Defendant Davis's negligence and the collision caused thereby, Plaintiff Loftin suffered, and will continue to suffer, severe and permanent physical injuries, aggravation of pre-existing injuries, has incurred medical expenses in the past and will continue to incur medical expenses in the future, has lost time from work in the past and will continue to lose time from work in the future, has suffered and will continue to suffer other damages, including loss of personal property and non-economic damages.

WHEREFORE, Plaintiff Marcus O. Loftin demands judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Defendant Susan Francis Davis, plus costs and attorney's fees, as may be permitted.

## COUNT III
### (Defendant Protective Insurance)

16. Plaintiff Loftin refers to and incorporates the preceding paragraphs as if fully stated herein.

17. At the time of this accident, Defendant Pouncey and Davis where underinsured motorists covered by a minimum liability auto insurance policy that is insufficient to pay any judgment which may be rendered against them because of their negligent acts and omissions.

18. At the time of this accident, Plaintiff Loftin was covered by a policy of automobile insurance issued by Defendant Protective Insurance that provided, among other things, underinsured motorist coverage, covering any damages for injuries and losses proximately caused by the negligence of an underinsured motorists or owner of a motor vehicle, and with coverage limits far in excess of the liability coverage covering Defendant Pouncey and Davis.

19. Plaintiff Loftin has complied with the terms of the policy and is entitled to be paid by Defendant Protective Insurance for any and all damages sustained by the Plaintiff as a result of the negligence of Defendants Pouncey and Davis which are in excess of the minimum liability limits of Defendants Pouncey and Davis's coverage.

20. Upon demand, Protective Insurance has failed to pay Plaintiff Loftin's damages, and therefore has breached the terms of it insurance policy.

WHEREFORE, Plaintiff Marcus O. Loftin demands judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Defendant Protective Insurance, plus costs and attorney's fees, as may be permitted.

_____
THOMAS W. FARRINGTON
CPF No. 9504060000
4204 Ambler Drive
Kensington, Maryland 20895
Phone: (240) 461-6990
Facsimile: (443) 576-0571
Tfarri8084@aol.com

*Attorney for Plaintiff Marcus O. Loftin*

### JURY DEMAND

Plaintiff Marcus O. Loftin demands a jury trial on all claims and issues.

_____
THOMAS W. FARRINGTON